UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL J. BOGGAN,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:16-cv-01820-RFB-VCF<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE CAM FERENBACH** |

### I. INTRODUCTION

Before the Court is Plaintiff Michael J. Boggan's ("Boggan") Motion for Reversal and/or Remand, ECF No. 24, and Defendant Nancy A. Berryhill's (the "Commissioner") Cross-Motion to Affirm, ECF Nos. 26 and 28. Magistrate Judge Cam Ferenbach issued a Report and Recommendation, recommending that the case be remanded for further proceedings to consider the effect of Boggan's antisocial-personality-disorder diagnosis in combination with his additional impairments. ECF No. 30.

### II. BACKGROUND

The Magistrate Judge issued a Report and Recommendation on April 21, 2017. ECF No. 30. The Commissioner objects to the Report and Recommendation, arguing that the ALJ's error was harmless and substantial evidence supported the final decision. AR 30. But the Commissioner only objects to the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") erred by concluding that Boggan's antisocial personality disorder was not medically determinable from the record. Because neither party objects to the background summaries from the Report and Recommendation, the Court incorporates the background summaries herein.

### III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

### IV. DISCUSSION

The Commissioner sets forth two arguments in objection to the Report and

Recommendation. The Court addresses each in turn.

### A. "Misclassification" of Boggan's Antisocial Personality Disorder

The Commissioner first argues that the ALJ's "classification" of Boggan's antisocial personality disorder was harmless because the ALJ "considered the combined effect [of] all of [Boggan's] mental impairments, regardless of severity[.]" The Court disagrees. The ALJ did not merely misclassify Boggan's antisocial personality disorder as an Axis I diagnosis rather than an Axis II diagnosis under the DSM[1]—he dismissed it completely based on his misclassification of the disorder.

The ALJ found Boggan's antisocial personality disorder could not be "medically determinable" from the administrative record since it "was never diagnosed on Axis I" rather than Axis II of the DSM. AR at 550. The ALJ also commented that the disorder had only been "provisionally assessed on Axis II[.]" Id. The ALJ erred in both findings. First, a medical professional at Southern Nevada Adult Mental Health Services diagnosed Boggan with antisocial personality disorder under Axis II. AR 374. The ALJ provides no qualifications allowing for him to *sua sponte* interpret under which axis antisocial personality disorders should fall or to overrule the medical professional's diagnosis of the disorder based on its characterization as an Axis II diagnosis. See AR at 550. Second, the medical report relied upon by the ALJ does not indicate in any way that the diagnosis was made in a provisional manner. See AR 374. Thus, the ALJ committed reversible error by failing to consider the diagnosis as an impairment and then by proceeding to determine Boggan's RFC and his disability status without consideration of the diagnosis. See AR 534, 550, 557 (discrediting the diagnosis); Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (failure to consider an impairment at step two affects the subsequent steps of the disability evaluation process).

### B. Support Substantial Evidence

In her second argument, the Commissioner argues that the ALJ's decision should remain valid despite the ALJ's error in disregarding Boggan's antisocial personality disorder based on the

---

[1] The DSM is a manual or "basic text[] used by psychiatrists and other experts" in making mental health diagnoses. Hall v. Fla., 572 U.S. 701 (2014). The abbreviation stands for the manual's title: the Diagnostic and Statistical Manual of Mental Disorders. Id.

support provided by the opinions of three other doctors. The doctors identified in the Commissioner's Cross-Motion for summary judgment include: Dr. Rosanne Sugay, Dr. Sheryl Yu, and Dr. Susan Kotler.

The Court finds the doctors' reports and notes do not overcome the ALJ's error in disregarding Boggan's antisocial personality disorder. To begin, Dr. Sugay treated Boggan for his pain, hypertension, and diabetes rather than any psychological impairments, AR 320–29, 332–34, 872–89; Boggan was diagnosed with antisocial personality disorder by medical professionals working in a mental health treatment center: Southern Nevada Adult Mental Health Services. 20 C.F.R. § 404.1527(c)(5) (more weight is generally given "to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist.").

Likewise, Dr. Yu is a primary care provider. AR 890. In addition to not specializing in mental health concerns, she merely provided a letter with a conclusory summary of Boggan's impairments as of March 8, 2013. Id.; 20 C.F.R. § 404.1527(c)(5) (specialties should be considered when assigning weight of a medical opinion); see also 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion. The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion.").

Finally, unlike the medical staff at Southern Nevada Adult Mental Health Services, Dr. Kotler was not a treating physician. AR 389, 391. She served as a state agency physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (a treating physician's opinion is generally entitled to more weight unless an ALJ provides clear and convincing reasons to decide otherwise). But even more, Dr. Kotler indicated a personality disorder was present in her Psychiatric Review Technique report. AR 391.

Thus, the Court finds that the notes and records of the identified doctors cannot support the ALJ's determination to disregard a diagnosis made by a treating facility specializing in mental

health care. Remand is therefore necessary. Further, the Court instructs the ALJ to accept the diagnosis of antisocial personality disorder accordingly.

## V. CONCLUSION

**IT IS ORDERED** that the Report and Recommendation (ECF No. 30) is ADOPTED in full. This matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for further administrative proceedings. On remand, the Appeals Council shall remand the case to an administrative law judge for a new decision. The administrative law judge shall accept Boggan's diagnosis of antisocial personality disorder as an impairment under step two of the disability evaluation process.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Plaintiff and against Defendant. The Clerk of Court is instructed to close the case accordingly.

**DATED** this 25th day of October, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**